UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

JAN SCHNEIDER
487 Meadowlark Drive
Saraasota, Florida 34236,
941-351-2008
Plaintiff,

v. Case No. __________

FEDERAL ELECTION COMMISSION
999 E. St., NW
Washington, DC, 20463,

Defendant.

**COMPLAINT**
(Declaratory and Injunctive Relief)

COMES NOW Plaintiff JAN SCHNEIDER, and for her Complaint against Defendant FEDERAL ELECTION COMMISSION, alleges as follows:

Jurisdiction

1. This action arises under the Federal Election Campaign Act ("FECA"), 2 U.S.C. § 431 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

2. This Court has jurisdiction pursuant to 2 U.S.C. § 437g and 28 U.S.C. § 1331. Venue is proper in accordance with 2 U.S.C. § 437g and 28 U.S.C. § 1391.

Parties

3. Plaintiff Jan Schneider is currently a candidate (NPA) for the United States House of Representatives in the Florida 13th Congressional District. Other candidates in the same Congressional race in FL 13 are incumbent Vern Buchanan (R), Christine Jennings (D) and Don Baldauf (NPA).

4. Defendant Federal Election Commission (FEC) is a federal agency created under the statutory authority of the FECA, 2 U.S.C. § 437c. The FEC is responsible for ensuring

compliance with the FECA, including the requirement that candidates and political campaign committees report contributions, expenditures and loans correctly and in a timely manner.

Statement of Facts

5. Plaintiff Schneider filed an administrative complaint with the FEC against Jennings, Chris Jennings for Congress, Christine Jennings for Congress and Jennings 2008. The said administrative complaint was acknowledged as received by the FEC on March 17, 2008. A copy is attached hereto as Exhibit A.

6. Plaintiff's administrative complaint alleges multiple violations of the FECA by Jennings and her political committees during the 2004, 2006 and 2008 election cycles. Among other things, it alleges that Jennings and the Jennings political committees withheld payroll and other taxes from campaign employees and then appropriated the funds for campaign purposes. The taxes, interest and penalties were not paid to federal and state taxation authorities until long after the taxes were due -- in some cases more than three years and two full election cycles later. More than $100,000 is believed to be in issue. The administrative complaint also alleges that the violations have caused irreparable harm to Plaintiff, who ran against Jennings in the 2004 and 2006 primary elections and is currently running against her in the upcoming general election.

7. Upon information and belief, among other reporting violations, Jennings and the Jennings political committees failed to disclose tax payments to the FEC correctly and in a timely manner in violation of the FECA. Upon information and belief, attempts were made to disguise the tax payments and/or difficulties from the FEC and the public by non-filing, belated filing, failure to amend previous reports and/or representing as current tax payments that were actually for taxes long past due (including those attributable to one or more past election cycles). Since well over $25,000 appears to have been involved, there is even the possibility of criminal violations.

8. The FEC has failed to act in a timely fashion on Plaintiff's administrative complaint against Jennings and the Jennings political committees. Pursuant to 2 U.S.C. § 437g(a)(8), a party aggrieved by failure of the FEC to act on a complaint during the 120-day period after filing "may file a petition with the United States District Court for the District of Columbia" in order to compel Commission action. In the case of Plaintiff's complaint, the 120-day deadline passed on or about July 15, 2008, and an additional month has since elapsed. While sympathetic to the fact that the FEC itself was without a quorum for some months earlier this year, Plaintiff cannot afford to wait any longer due to the short time before the November election.

9. Plaintiff has been and continues to be irreparably harmed by the failure of the FEC to act on her administrative complaint against Jennings and the Jennings political committees. To repeat, both candidates are currently running in the same Congressional race.

WHEREFORE, Plaintiff respectfully requests that this honorable Court:

(A) declare that the failure by the FEC to act on the administrative complaint filed by Plaintiff against Jennings and the Jennings political committees on March 17, 2008 is contrary to law;

(B) direct the FEC to rule on the merits of the complaint within thirty days, pursuant to 18 U.S.C. § 437g(a)(8)(C);

(C) take such further or different action as the Court may deem just and proper.

Respectfully submitted,

Jan Schneider
D.C. Bar No. 227496
P.O. Box 57
Sarasota, Florida 34230
941-351-2008
*Pro Se*

# EXHIBIT A
# TO COMPLAINT
# (SCHNEIDER v. FEC)

**BEFORE THE FEDERAL ELECTION COMMISSION**

**JAN SCHNEIDER**
**Friends of Jan Schneider**
**P.O. Box 57**
**Sarasota, Florida 34230,**
**Complainant,**

**v.** **MUR No. __________**

**CHRISTINE JENNINGS**
**Chris Jennings for Congress,**
**Christine Jennings for Congress &**
**Jennings 2008**
**PO Box 49136**
**Sarasota, FL 34230,**
**Respondent.**

**COMPLAINT**

**Respondent Christine Jennings** withheld large amounts of taxes from salaried staff, failed to transmit them to the proper authorities, and instead used them for campaign expenses. The misappropriation of funds greatly injured opponents in the Democratic primaries in the Florida 13th Congressional District during both the 2004 and 2006 election cycles. In particular, the violations caused irreparable harm to **Complainant Jan Schneider** during both campaigns. Very considerable amounts are at issue, believed to be be well upwards of $100,000.

**FACTS**

Respondent Jennings withheld payroll and other taxes from campaign employees and then appropriated them for her own partisan purposes. She spent the funds in her primary campaigns and paid the Internal Revenue Service and state authorities only long after the taxes were due -- in some cases more than three years later and in another election cycle. Complainant relies upon the various campaign finance reports filed by the Jennings campaign committees of public record at *www.fec.gov.* The amounts in controversy were equivalent to significant portions of the entire campaign budgets of Jennings' opponents.

More specifically, for the <u>2004 election cycle</u>, FEC filings by Chris Jennings for Congress appear to show that the campaign withheld payroll and other taxes from salaried staff. The Jennings campaign failed, however, to transmit the monies to the IRS and state authorities. No taxes were paid until May 23, 2007, several years after the 2003 and 2004 taxes were due. At that time, the committee paid the IRS $23,835.93 to cover overdue taxes for the prior, 2004 election cycle. The candidate had to contribute additional funds to her committee, since the campaign had already spent the tax monies.

It might be understandable for a campaign -- even a campaign run by a former bank president whose supposed great pride was precision and "playing by the rules" -- to make a mistake and to

"A"

overlook the requirement of withholding taxes for salaried staff. The Jennings campaign, however, went further, taking the money from employees and then illegally using the funds for its own purposes. Moreover, Respondent persisted in such illegal practices for years and across election cycles – even after she had indisputable knowledge of the problem.

For the 2006 election cycle, FEC filings for Christine Jennings for Congress appear to show that the Jennings campaign began having salaried employees at least back in early 2005. Once again, the campaign withheld funds from employee salaries, failed to transmit them to the federal and state authorities for many months and disbursed the money for campaign expenditures. FEC filings show that the first remittance of taxes withheld during the 2006 cycle was not made until July 31, 2006. Between that date and the end of 2006, the campaign made more than a dozen separate, significant tax payments totaling over $100,000 apparently for past-due taxes. Meanwhile, very considerable funds that should have been paid in taxes had already been used for advertising, administrative and other expenses in the 2006 primary to the detriment of Complainant.

While the foregoing seems beyond dispute, for the 2008 election cycle, the circumstances are less clear. FEC filings for Jennings 2008, through and including the most recent (year-end 2007), continue to show large disbursements for payroll taxes seemingly disproportionate to the expenditures for current payroll.

The campaign compounded its illegalities with sheer hypocrisy. During the summer of 2006, the Jennings campaign expended perhaps hundreds of thousands of dollars on (false) campaign advertising complaining of an alleged failure to pay $300 in property taxes on the part of Complainant. At the very time she contracted for and began running such ads, Respondent had actual knowledge that she herself had appropriated and wrongfully utilized tax monies taken from her employees in amounts hundreds of times greater. The main point for Federal Election Commission purposes remains, however, the campaign finance violations rather than the political effects on Complainant.

## VIOLATIONS

The Federal Election Campaign Act,, Pub. L. 92-225, 108 Stat. 86 Stat. 3, 2 U.S.C. § 431 *et seq.*, as amended by the Bipartisan Campaign Reform Act of 2002 ("McCain-Feingold Act"), Pub. L. 107-155, 116 Stat. 81, and other legislation, sets forth specific limits on permissible campaign contributions and allowable loan conditions. Among other problems, the withheld funds here in question come within the definition of "contribution" for campaign finance law purposes. *See* 2 U.S.C. § 431(8). As such, their use violated applicable limits and otherwise contravened applicable legal restrictions. *See, e.g.*, 2 U.S.C. § 441a.

Had Respondent failed to deal with payroll taxes at all and to do any withholding, that could still have been a problem for the Federal Election Commission as well as the Internal Revenue Service and state authorities. In such case, however, at least the campaign would not have enjoyed access to tens of thousands of dollars of additional funds used for competitive campaign purposes. But here, the Jennings campaign withheld the taxes from employees, failed to transmit them to federal and state authorities, and misappropriated them for its own expenses. In sum, in this and other ways, Respondent has committed multiple violations of federal

campaign finance laws and regulations, which violations harmed and continue to harm Complainant.

Respectfully submitted,

Jan Schneider

Jan Schneider

STATE OF FLORIDA )
) SS:
COUNTY OF SARASOTA )

Signed and sworn to before me by Jan Schneider, who is personally well-known to me, this 10th day of March, 2008.

JOAN H. DONNELLY
Comm# DD0708585
Expires 9/12/2011
Florida Notary Assn., Inc

Notary Public

My commission expires:
9/12/2011

08-1447
JDB

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Jan Schneider
487 Meadowlark Drive
Sarasota, Florida 34236, Tel. (941) 351-2008 88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

Federal Election Commission
999 E Street, NW
Washington, DC 20463

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) 11001
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jan Schneider
487 Meadowlark Drive
Sarasota, Florida 34236
Tel. (941) 351-2008
Pro Se

Case: 1:08-cv-01447
Assigned To : Bates, John D.
Assign. Date : 8/20/2008
Description: Pro Se General Civil

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊗ 3 Federal Question (U.S. Government Not a Party) [struck through]
- ⊗ 2 U S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**○ A. *Antitrust***

- ☐ 410 Antitrust

**○ B. *Personal Injury/ Malpractice***

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. *Administrative Agency Review***

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. *General Civil (Other)*** OR **◎ F. *Pro Se General Civil***

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3

| O G. *Habeas Corpus/ 2255* | O H. *Employment Discrimination* | O I. *FOIA/PRIVACY ACT* | O J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O K. *Labor/ERISA (non-employment)* | O L. *Other Civil Rights (non-employment)* | O M. *Contract* | O N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding O 2 Removed from State Court O 3 Remanded from Appellate Court O 4 Reinstated or Reopened O 5 Transferred from another district (specify) O 6 Multi district Litigation O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

2 USC Sec. 431 et seq , and 28 USC Sec 2201 et seq. Direct FEC to rule on merits of complaint within 30 days, pursuant to 18 USC Sec. 437g(a)(8)(C)

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C P. 23 **DEMAND $** ______ Check YES only if demanded in complaint **JURY DEMAND:** YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** N.A. (See instruction) YES ☐ NO ☒ If yes, please complete related case form

**DATE** August 20, 2008 **SIGNATURE OF ATTORNEY OF RECORD** [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed Listed below are tips for completing the civil cover sheet These tips coincide with the Roman Numerals on the Cover Sheet.

**I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D C.; 88888 if plaintiff is resident of the United States but not of Washington, D C., and 99999 if plaintiff is outside the United States.

**III.** CITIZENSHIP OF PRINCIPAL PARTIES This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

**IV.** CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.** CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.** RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.